UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
------------------------------X
                              :
CREATIVE DYNAMICS, INC. and   :
BEIJING ABACE BIOLOGY CO.,    :
LTD.,                         :
                              :  Case No. 1:20-CV-11711-DPW
     Plaintiffs,              :
                              :  Judge Indira Talwani,
v.                            :  U.S.D.J.
                              :
CHUNHONG ZHANG, MTOZ          :
BIOLABS, INC., ABC CORP. 1    :  DECLARATION OF
d/b/a Ig-Clue and IgClue,     :  XIBAI GAO, ESQ.
ABC CORPS. 2-10 and JOHN      :
DOES 1-10,                    :
                              :
     Defendants.              :
                              :
------------------------------X
```

I, XIBAI GAO, ESQ., of full age, under oath and penalty of perjury, declare as follows:

1.   I am an attorney with The Gao Law Firm who has been retained as an expert witness by Wilentz Goldman & Spitzer, P.A. on behalf of Plaintiffs Creative Dynamics, Inc. ("CD") and Beijing Abace Biology Co., Ltd ("Abace").

2.   I received a Master of Law from Renmin University of China School of Law in 1998 in China and an LL.M. from Georgetown University Law Center in 2000 in the United States. Starting in 1995, I was admitted to practice in the People's Republic of China.  I am practicing law in the State of New York

#14075929.1

and do not actively practice law in China, and thus, I currently do not maintain my admission to practice law in China.

3. I have been working with Chinese lawyers on business contracts in China in the past, including those involving confidentiality and non-compete issues. As a result of my education and involvement with Chinese laws while practicing in the United States and previously in China, I am familiar with the laws of the People's Republic of China concerning employment contracts and non-competition agreements.

4. In addition to the deposition transcripts of defendant Chunhong Zhang and witness Camei Li, Lara Zhang, Linda Tang and Serena Liu, I have been provided copies of the Amended Complaint in the above-captioned matters and an confidentiality and non-competition agreement between defendant Dr. Zhang and Plaintiffs dated November 2, 2016, a Labor Contract dated November 2, 2016, two Cadre Agreements dated January 9, 2016 and November 3, 2016, respectively and Employment Termination Agreement dated May 1, 2017 (the "Agreements").

5. The Agreements are binding upon Zhang and enforceable under Chinese law, as Chinese courts are at times called upon to adjudicate such disputes in which instance they review the agreement and determine whether former employee's post-employment actions comply with the terms of the agreement. In those instances, courts examine whether an agreement was signed

and whether it was breached. The cases I reference below are examples of these cases.

6. Some of the Agreements specify their scope and term. Others have blanks with no insert as to term. These Agreements are enforceable, as under Chinese law and the official interpretation and guidance of relevant authorities, including the Supreme Courts of China, missing specifics on geographic area, term or a clause addressing post-employment compensation does not render the agreement void or invalid.

7. For example, Article 13 of "The Opinions of the Shanghai High People's Court on Several Issues Regarding the Application of the Labor Contract Law (2009)" provides in pertinent part, "When the parties to a labor contract only agree that the employee should fulfill non-competition obligations but do not specify whether compensation should be paid to the employee, or when they have agreed to compensate the employee but have not clearly defined the specific payment standards, it can be considered that there is a consensus between the parties regarding non-competition, and the non-competition clause can still be binding on both parties. If the amount of compensation is not specified, the parties can continue to negotiate the compensation standards. … In cases where an agreement cannot be reached through negotiation, the maximum duration of the non-competition restriction shall not exceed two years."

8. Similarly, Article 38 of "The Minutes of the Symposium on Legal Implementation Issues in Labor Dispute Cases by the Beijing High People's Court and the Beijing Labor Dispute Arbitration Committee" provides, in pertinent part, "If an employer and an employee have agreed upon a non-competition clause in the labor contract or confidentiality agreement but have not reached an agreement on the payment of compensation or specific payment standards, this should not be a basis for deeming the non-competition clause invalid. … If the duration of the non-competition clause is not agreed upon by the employee and the employer, it should be determined through negotiation between both parties. If they cannot reach an agreement through negotiation, the maximum duration of the restriction should not exceed two years". This authority is published by the Beijing High People's Court and is considered persuasive authority which for all practical purposes is considered binding upon the courts in that jurisdiction.

9. These Chinese judicial interpretations are consistent with Article 24 of the Chinese Labor Contract Law, which provides that "The scope, territory, and duration of non-competition shall be up to the employer and the employee to agree upon, and the non-compete agreement shall not violate the provisions of laws and regulations."

10. According to the Employment Termination Agreement, Zhang's employment terminated on May 1, 2017. Thereafter, she formed MtoZ Biolab, Inc. and began competing with Plaintiffs. She admitted during her deposition that she did not comply with her agreements not to compete with Plaintiffs. I reference the deposition testimony of Chunhong Zhang, pages 86:5-22 and 87:22-88:2. She did not ask Plaintiffs to be released from the restrictions in the agreements, as she had no communications on that subject with any current or former employee after May 1, 2017. Id. at 60:14-17 and 67:2-69:3.

11. To prevail on a claim for breach of contract against its former employee, an employer must prove (1) the parties agreed that the former employee would not compete, and (2) the former employee did not comply with the terms of the agreement. I reference the cases of *Ding Fan v. Shenzhen Speed Tech Co., Ltd.* (page 2), Exhibit 1, and *Zhang, Guoping v. Shanghai Dingtian Fashion Technology Co., Ltd.* (page 4), Exhibit 2, which I discuss in more detail below.

12. In defense, I am advised that Zhang asserts the Agreements cannot be enforced under the law of the People's Republic of China if Abace did not compensate her during the post-employment covenant period. I disagree.

13. Accordingly, under the law of the People's Republic of China, the Agreements remain enforceable even if it is true that

-5-

Plaintiffs did not compensate Zhang for the employment restrictions as Zhang did not give notice of termination prior to competing. I rely upon three decisions to support my opinion.

14. The first decision I rely upon is *Ding Fan v. Shenzhen Speed Tech Co., Ltd.*, a decision of the Guangdong Provincial Higher People's Court published on December 31, 2016. See Exhibit 1. China has a unified court system with four levels. The Supreme People's Court is the highest level, roughly equivalent to the United States Supreme Court although the court has multiple divisions and subdivisions. In addition, there are three levels of local courts (high, intermediate, and basic). This decision in *Fan* is at the highest level of the local court, roughly equivalent to the highest level of our state courts, for example, the New York Court of Appeals.

15. In *Fan*, Shenzhen Speed Tech Co., Ltd. sued its former employee, Ding Fan, for breach of an employment agreement that contained a covenant not to compete. After a trial and retrial, an intermediate court ruled in favor of the company (the "second instance judgment"). During the retrial and on appeal, Fan argued that the company had not paid compensation for the covenant not to compete, and thus, he should not be liable for its breach (among other defenses). The High Court rejected Fan's defense. It quoted Article 8 of "The Interpretation of the Supreme People's Court on Several Issues Concerning the

-6-

Application of Law in Labor Dispute Cases (IV)" and concluded that "even if the employer fails to pay the economic compensation due to its reasons, the relevant non-competition agreement remains binding on both parties until the employee requests its dissolution in accordance with the law." The High Court ruled that because Fan had not requested a dissolution of the non-competition agreement, then and only then would he be exempt from complying with the agreement. Similarly, only if Dr. Zhang had requested that the plaintiffs dissolve the Agreements due to non-payment, then and only then could she compete. Based upon my review of the record, Dr. Zhang did not make such a request.

16. The second decision I rely upon is *Zhang, Guoping v. Shanghai Dingtian Fashion Technology Co., Ltd.*, a decision of the Shanghai First Intermediate People's Court published on January 3, 2017. See Exhibit 2. The intermediate local court is roughly equivalent to a state appellate court in the United States. Similar to *Fan,* the parties in this lawsuit disputed whether a former employee (Zhang) is obligated to adhere to a non-competition agreement when it was alleged that the employer did not compensate the former employee for the restriction. The intermediate court upheld the decision of the district court, finding Zhang breached her agreement:

-7-

> Although Zhang, Guoping argued that Dingtian Fashion Company did not pay the non-competition compensation, due to the inherent characteristics of non-competition obligations, it is not subject to the general defense of performance. Instead, it should be protected by the employee by exercising the right to rescission to safeguard their rights. Considering that Zhang, Guoping did not rescind the non-competition agreement based on Dingtian Fashion Company's failure to pay the non-competition compensation, this agreement still binds both parties. (Pg. 5)
>
> Now, Zhang, Guoping claims that Dingtian Fashion Company did not pay the non-competition compensation. This defense does not negate his obligation to fulfill the non-competition agreement as per the contract… The laws and regulations do not stipulate that non-competition obligations can be disregarded if the labor relationship is not terminated through a legal procedure. (Pg. 6)

Thus, the intermediate court rejected Zhang's defense that she should not be liable for violating the non-competition agreement because her former employer had not compensated her for the covenant – going so far as to say that Zhang's allegation that her former employer owed her for unpaid wages and non-competition compensation "does not affect the handling of this case" and thus the court "does not acknowledge it" (pg. 5-6).

17. The third decision that I rely upon is *Li Binghui v. Huizhou Qiangjun Construction Co., Ltd.*, a decision of the People's Court of Longmen County, Guangdong Province, published

#14075929.1

on September 29, 2020. See Exhibit 3. This is a decision of the first level of a local court, roughly equivalent to a trial court in the United States. In *Li*, the plaintiff alleged he worked for the defendant for only a month and a half, resigned, and then established a company with others. Alleging that the plaintiff breached an employment contract, the defendant applied for labor arbitration. The arbitration committee agreed, ruling that the plaintiff failed to fulfill his non-competition obligations, required him to pay liquidated damages, and ordered that he continue to fulfill his non-competition obligations (pgs. 1 and 5). On appeal, the plaintiff argued that his former employer did not compensate him during the non-competition period. It ruled (pg. 6):

> Regarding the plaintiff's claim that the agreement did not specify the compensation standard for non-compete and that the defendant did not provide economic compensation during the non-compete period, the court believes the absence of a specified compensation standard for non-compete does not affect the validity of the contract. Therefore, the court does not accept the plaintiff's claim."

#14075929.1

## DECLARATION

I hereby declare under penalty of perjury that the foregoing statements are true and correct pursuant to 28 U.S.C. §1746.

_____
XIBAI GAO, ESQ.

DATED: October 13, 2023