## DECLARATION OF WU DAN REGARDING THE LABOR DISPUTE LEGAL OPINION BETWEEN ZHANG CHUNHONG AND BEIJING ABACE BIOTECHNOLOGY CO., LTD.

1.      I, Wu Dan, am a Chinese attorney currently practicing at the Tahota Law Firm, in Chengdu, China, where I have been practicing since 2011.

2.      My Lawyer's Practice Certificate Number is 15101201111882048.

3.      My primary area of expertise lies in the field of labor and personnel, specializing in providing legal advice and services in labor and personnel legal matters, as well as handling arbitrations and litigation for other labor disputes. As a legal representative, I have handled hundreds of labor dispute cases.

4.      In addition to my work at the Tahota Law Firm, I also am a part-time arbitrator for labor disputes. I am on the part-time arbitrator roster for a number of labor dispute committees, including the Chengdu Labor and Personnel Dispute Arbitration Committee, the Chengdu High-tech Zone Labor and Personnel Dispute Arbitration Committee, the Chengdu Wuhou District Labor and Personnel Dispute Arbitration Committee, and the Chengdu East New District Labor and Personnel Dispute Arbitration Committee. As a part-time arbitrator, I have undertaken approximately 500 labor dispute cases.

5.      Article 20 of the "Labor Dispute Mediation and Arbitration Law of the People's Republic of China" outlines the methods by which the labor dispute arbitration committees above should establish their roster of arbitrators. These include requirements for persons to appear on the arbitration committee rosters. According to these requirements, to be included on arbitration roster, potential arbitrators must be fair and upstanding, and meet one of the following conditions: (1) be a former judge; (2) be engaged in legal research, teaching, and hold a senior

professional title; (3) have five or more years of experience in legal knowledge with respect to labor, including work in professional fields such as human resources management or trade unions; or (4) practicing as an attorney for more than three years. A true and correct copy of this statute is attached hereto as Exhibit "1."

6.      Throughout this Declaration, I refer to statutes, regulations and some case adjudications from People's Court that, in my experience, demonstrate Chinese law with respect to non-compete provisions in connection with labor dispute, the payment of post-termination compensation for such provisions, and the enforceability of certain labor contracts generally.

7.      Each statute, judicial interpretations and civil judgement I identify is provided as an Exhibit to this Declaration, both in its original format.

8.      As a general matter, the People's Court of China includes many case documents on a public website, which may be accessed at: https://wenshu.court.gov.cn/.

9.      This Chinese Judgment Website is copyrighted by the Supreme People's Court of the People's Republic of China (Beijing ICP 备 05023036 号). According to the "Provisions of the Supreme People's Court on the Internet Publication of Judgment Documents by People's Courts," Article 2 states that the "China Judgment Documents website is the unified platform for the nationwide courts to publish judgment documents. People's courts at all levels shall set up links to China Judgment Documents website on their court's official website and judicial openness platform."

10.     Each of the Civil Judgment for cases identified herein has thus been sourced from the China Judgment Documents website, and are genuine legal precedents.

11.     Similarly, official Chinese and English versions of Chinese statutory law and judicial interpretations are published by Wolter (Website: https://law.wkinfo.com.cn). Each of

the statutes cited herein are the Wolter-published Chinese and English versions of Chinese statutes.

### Chinese Statute and Judicial Interpretations Regarding Non-Compete Restrictions in Connection with any Labor Relations

12.    Article 23 of the Labor Contract Law of the People's Republic of China states: "An employer and a worker may agree on keeping confidentiality of the employer's commercial secrets and confidential matters in relation to intellectual property in a labour contract. Where a worker is obliged to keep confidentiality, the employer may agree with the worker in a labour contract or confidentiality agreement on a non☐competition restrictive covenant and agree that upon the rescission or termination of a labour contract, the employer shall grant the worker economic damages on a monthly basis during the non☐competition restrictive covenant period. Where the worker has violated the non☐competition restrictive covenant, he/she shall pay a default penalty to the employer pursuant to the agreement. A true and correct copy of this statute is attached hereto as Exhibit "2."

13.    Article 24 of the Labor Contract Law of the People's Republic of China states: "Personnel subject to non☐competition restrictive covenant shall be limited to the employer's senior management personnel, senior technical personnel and other personnel who are obliged to keep confidentiality. The scope, geographical region and duration of non☐competition restrictive covenant shall be agreed between the employer and the worker; non☐competition restrictive covenant shall not violate the provisions of laws and regulations. Upon rescission or termination of a labour contract, the non☐competition restrictive covenant period in which the aforesaid stipulated personnel shall not be employed by another employer which engages in production or business in the same type of products or provision of the same type of services as the employer

and shall not engage in own production or business in the same type of products or provision of the same type of services as the employer shall not exceed two years.." A true and correct copy of this statute is attached hereto as Exhibit "2."

14.     Article 24 of the Labor Contract Law of the People's Republic of China states: "The following labour contracts shall be wholly or partially invalid: (1) a labour contract which is concluded or varied by use of fraudulent or coercive tactics or taking advantage of the counterparty's unfavourable position to cause the counterparty to act against the real intention; (2) where the employer waives its statutory liabilities and exclude the worker from his/her rights; or (3) where the mandatory provisions of the laws and administrative regulations are violated. A dispute over a wholly or partly invalid labour contract shall be determined by a labour dispute arbitration agency or a People's Court. A true and correct copy of this statute is attached hereto as Exhibit "2."

15.     Article 18 of the Labor Law of the People's Republic of China states:  "The following labour contracts shall be deemed invalid: (1) where a labour contract is in violation of the provisions of laws and administrative regulations; and (2) where a labour contract is concluded by means of deception, threat or other unlawful means. An invalid labour contract shall have no legal binding force from the time it is concluded. Where a labour contract is deemed partially invalid, and the validity of the remaining parts is not affected, the remaining parts of the labour contract shall remain valid. The invalidity of a labour contract shall be confirmed by a labour dispute arbitration committee or a people's court."  A true and correct copy of this statute is attached hereto as Exhibit "3."

16.     With respect to  "senior management personnel," Article 216 of the Company Law of the People's Republic of China states that "senior management personnel" shall mean the

4

manager, deputy manager and financial controller of a company, board secretary of a listed company and other personnel stipulated in the articles of association. A true and correct copy of this statute is attached hereto as Exhibit "4."

17.    And, with respect to those "commercial secrets," Article 9 of the Anti-Unfair Competition Law of the People's Republic of China defines "commercial secrets" to include technical information and business information not known to the public, having commercial value, and subject to confidentiality measures. A true and correct copy of this statute is attached hereto as Exhibit "5."

18.    Article 497 of the Civil Code of the People's Republic of China provides: "Under any of the following circumstances, the standard terms shall be null and void: (I) Invalid circumstances under Section 3 of Chapter VI of Part I hereof and under Article 506 hereof occur; (II) The party providing the standard terms unreasonably exempts or reduces its liability, increases the liability of the other party or limits the major rights of the other party; or (III) The party providing the standard terms excludes the main rights of the other party." A true and correct copy of this statute is attached hereto as Exhibit "6."

19.    Article 498 of the Civil Code of the People's Republic of China provides: "If a dispute over the understanding of a standard term occurs, the term shall be interpreted based on the usual understanding. Where there are two or more interpretations for such term, the interpretation unfavorable to the party providing such term shall prevail. Where a standard term is inconsistent with a non☐ standard term, the non☐ standard term shall prevail." A true and correct copy of this statute is attached hereto as Exhibit "6."

20.    Article 525 of the Civil Code of the People's Republic of China provides: "Where both parties have obligations towards each other and there is no order of priority in

5

respect of the performance of obligations, the parties shall perform the obligations simultaneously. A party has the right to reject any request for performance by the other party prior to performance by the other party. A party has the right to reject the corresponding request of the other party for performance if such other party's performance does not comply with the provisions of contract." A true and correct copy of this statute is attached hereto as Exhibit "6."

21.     Article 526 of the Civil Code of the People's Republic of China provides: "Where both parties have obligations towards each other and there is an order of priority in respect of the performance of the obligations, and the party which shall first perform its obligations fails to perform the obligations, the other party has the right to reject such party's request for performance. If the performance of the obligations by the party which shall first perform is not in conformity with the agreement, the other party has the right to reject such party's corresponding performance request." A true and correct copy of this statute is attached hereto as Exhibit "6."

22.     Article 39 of the Contract Law of the People's Republic of China provides: "Where a contract is concluded through the use of standard clauses, the party proposing the standard clauses shall observe the principle of fairness in defining the rights and responsibilities of the parties, and the said party must take reasonable steps to draw the other party's particular attention to those clauses which eliminate or limit the said party's liabilities, and must, where requested by the other party, explain the effect of the said clauses. Standard clauses are those clauses which one party drafts in advance for repeated use, and are not the subject of negotiation with the other side at the time when the contract is concluded." A true and correct copy of this statute is attached hereto as Exhibit "7."

23.     Article 40 of the Contract Law of the People's Republic of China provides: "Where a standard clause possesses one of the characteristics set out in Article 52 or Article 53

6

of this Law, or where the clause operates to exclude the liabilities of the party proposing the standard clause, or to increase the liabilities of the other party, or to remove important rights enjoyed by the other party, the said clause shall be without effect." A true and correct copy of this statute is attached hereto as Exhibit "7."

24.    Article 41 of the Contract Law of the People's Republic of China provides: "Where a dispute arises over the interpretation of a standard clause, the said clause shall be interpreted in accordance with the way it is usually understood. Where a standard clause is open to two or more interpretations, the interpretation which is less favourable to the party supplying the standard clause shall be adopted. Where a contract contains a standard clause and a non☐standard clause that has a differing effect, the non☐standard clause shall be adopted." A true and correct copy of this statute is attached hereto as Exhibit "7."

25.    Article 66 of the Contract Law of the People's Republic of China provides: "Where the parties owe obligations to one another, and there is no agreement that one obligation shall be performed first and the other subsequently, then the obligations shall be performed at the same time. A party has the right to refuse a request by the other party that it provide performance where the other party has not yet performed its obligations. A party has the power to refuse the corresponding request of the other party to provide performance where the other party has performed its obligation in a manner not in conformity with the parties' agreement." A true and correct copy of this statute is attached hereto as Exhibit "7."

26.    Article 67 of the Contract Law of the People's Republic of China provides: "Where the parties owe obligations to one another, and where one obligation is to be performed first and the other subsequently, then where the party with the obligation to provide initial performance has not performed its obligation, the party with the obligation to provide subsequent

7

performance may refuse the request of the other party to provide performance. Where the party with the obligation to provide initial performance has performed its obligation in a manner not in conformity with the parties' agreement, the party with the obligation to provide subsequent performance may refuse the corresponding request of the other party to provide performance." A true and correct copy of this statute is attached hereto as Exhibit "7."

27.    Article 6 of Interpretations of Supreme People's Court on Several Issues Relating to Laws Applicable for Trial of Labour Dispute Cases (IV) Fa Shi (2013) No. 4 provides: "Where the parties concerned have agreed on competition restriction in the labour contract or the confidentiality agreement, but do not agree on economic compensation for the worker upon rescission or termination of the labour contract, the worker has performed competition restriction obligation and requests the employer to pay economic compensation on a monthly basis based on 30% of the average wage of the worker in the 12☐month period preceding rescission or termination of the labour contract, the People's Court shall support the request. Where 30% of the monthly average wage stipulated in the preceding paragraph is less than the minimum wage standards at the place of performance of the labour contract, the amount to be paid shall be based on the minimum wage standards at the place of performance of the labour contract." A true and correct copy of this statute is attached hereto as Exhibit "8." This judicial interpretation was the effective judicial interpretation when Dr. Zhang departed with Abace on May 1, 2017, and it has now expired as of January 1, 2021.

28.    Article 7 of Interpretations of Supreme People's Court on Several Issues Relating to Laws Applicable for Trial of Labour Dispute Cases (IV) Fa Shi (2013) No. 4 provides: "Where the parties concerned have agreed on competition restriction and economic compensation in the labour contract or the confidentiality agreement, when the parties concerned

rescind the labour contract, unless otherwise agreed, the employer requests that the worker performs competition restriction obligation, or the worker has performed competition restriction obligation and requests the employer to pay economic compensation, the People's Court shall support the request." A true and correct copy of this statute is attached hereto as Exhibit "8." This judicial interpretation was the effective judicial interpretation when Dr. Zhang departed with Abace on May 1, 2017, and it has now expired as of January 1, 2021.

29.     Article 8 of Interpretations of Supreme People's Court on Several Issues Relating to Laws Applicable for Trial of Labour Dispute Cases (IV) Fa Shi (2013) No. 4  provides: "Where the parties concerned have agreed on competition restriction and economic compensation in the labour contract or the confidentiality agreement, upon rescission or termination of the labour contract, the employer does not pay economic compensation for three months due to its own accord and the worker requests for rescission of the agreement on competition restriction, the People's Court shall support the request." A true and correct copy of this statute is attached hereto as Exhibit "8." This judicial interpretation was the effective judicial interpretation when Dr. Zhang departed with Abace on May 1, 2017, and it has now expired as of January 1, 2021.

30.     Interpretation of the Supreme People's Court on Issues Concerning the Application of Law in the Trial of Labor Dispute Cases (I) Fa Shi [2020] No. 26 was promulgated by the Supreme People's Court on December 29, 2020, and became effective on January 1, 2021. It is a currently valid judicial interpretation.  A true and correct copy of this statute is attached hereto as Exhibit "9."

31.     Article 36 of Interpretation of the Supreme People's Court on Issues Concerning the Application of Law in the Trial of Labor Dispute Cases (I) Fa Shi [2020] No. 26 provides:

9

"Where the parties concerned agree on non☐competition in the labor contract or the confidentiality agreement, but fail to agree on the payment of economic compensation to the worker upon rescission or termination of the labor contract, the worker has performed non☐competition obligation and requests the employer to pay economic compensation on a monthly basis at 30% of the average wage of the worker for the 12☐month period preceding the rescission or termination of the labor contract, the people's court shall support the request. Where 30% of the average monthly wage stipulated in the preceding paragraph is less than the minimum wage standard at the place of performance of the labor contract, the payment shall be made based on the minimum wage standard at the place of performance of the labor contract." A true and correct copy of this statute is attached hereto as Exhibit "9."

32.    Article 37 of Interpretation of the Supreme People's Court on Issues Concerning the Application of Law in the Trial of Labor Dispute Cases (I) Fa Shi [2020] No. 26 provides: "Where the parties concerned agree on non☐competition and economic compensation in the labor contract or the confidentiality agreement, unless otherwise agreed, when the parties concerned rescind the labor contract, the employer requests the worker to perform non☐competition obligation or the worker has performed non☐competition obligation and requests the employer to pay economic compensation, the people's court shall support the request." A true and correct copy of this statute is attached hereto as Exhibit "9."

33.    Article 38 of Interpretation of the Supreme People's Court on Issues Concerning the Application of Law in the Trial of Labor Dispute Cases (I) Fa Shi [2020] No. 26 provides: "Where the parties concerned agree on non☐competition and economic compensation in the labor contract or the confidentiality agreement, upon rescission or termination of the labor contract, where the employer, due to his/her own reasons, fails to pay economic compensation

for three months and the worker requests rescission of the non☐competition agreement, the people's court shall support the request." A true and correct copy of this statute is attached hereto as Exhibit "9."

34.    Article 21 of Law of the People's Republic of China on Mediation and Arbitration of Labour Disputes provides: "A labour☐dispute arbitration commission shall be responsible for arbitrating labour disputes arising in the district under its jurisdiction. A labour dispute shall be under the jurisdiction of the labour☐dispute arbitration commission at the place where the labour contract concerned is performed or where the employer is located. Where one of the two parties applies for arbitration to the labour☐dispute arbitration commission at the place where the labour contract is performed and the other does so at the place where the employer is located, the labour dispute shall be subject to the jurisdiction of the former." A true and correct copy of this statute is attached hereto as Exhibit "1."

35.    Article 27 of Law of the People's Republic of China on Mediation and Arbitration of Labour Disputes provides: "The limitation period for application for arbitration of a labour dispute is one year, which shall be calculated from the date a party comes to know or is expected to know the infringement of its rights." A true and correct copy of this statute is attached hereto as Exhibit "1."

### Regarding the Scope of Individuals Subject to Non-Competition Restrictions in Labor Relations

36.    Article 24 of the Labor Contract Law of the People's Republic of China state that "individuals subject to non-competition restrictions are limited to senior management personnel, senior technical personnel, and other personnel with confidentiality obligations within the employing unit." A number of Chinese cases may be helpful to the Court in interpreting these statutes in the context of this case. These cases include the following.

11

37. *Hunan Mingjing New Building Materials Co., Ltd. v. Zhang Yongxing*, (2022) Xiang 01 Min Zhong 4486, Hunan Province, Changsha Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "10."

38. *Foshan Fande Cultural and Art Co., Ltd. v. Xiang Mingqi*, (2022) Yue 06 Min Zhong 15463, Guangdong Province, Foshan Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "11."

39. *Shengli Oilfield Furuite Petroleum Equipment Co., Ltd. v. Wang Zhifeng, et al.*, (2021) Lu 05 Min Zhong 2250, Shandong Province, Dongying Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "12."

40. *Hefei Yuehe Education and Training School Co., Ltd. v. Chen Mei*, (2021) Wan 01 Min Zhong 3423, Anhui Province, Hefei Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "13."

41. *Zhongshan Laser Entertainment Co., Ltd v. Xu Jun*, (2021) Yue 20 Min Zhong 3271, Guangdong Province Zhongshan Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "14."

42. *Chaohu City Huayang Finance Co., Ltd. v. Zhang Lili*, (2021) Wan 01 Min Zhong 1420, Anhui Province, Hefei Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "15."

43. *Qingdao Xingyue Iron Tower Co., Ltd. v. Yin Yichang*, (2021) Lu 0281 Min Chu 13686, Shandong Province, Jiaozhou City People's Court. A true and correct copy of this case is attached hereto as Exhibit "16."

44.    *Suzhou Geyou Carbon New Materials Co., Ltd. v. Yu Denghu*, (2016) Su 05 Min Zhong 9139, 9140, Jiangsu Province, Suzhou City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "17."

45.    *Taizhou Huijian Education Information Consulting Co., Ltd. v. Liu Jinquan*, (2021) Su 12 Min Zhong 2476, Jiangsu Province, Taizhou City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "18."

46.    *Sichuan Henggu Construction Engineering Testing Co., Ltd. v. Li Lingjie*, (2022) Chuan 05 Min Zhong 953, Sichuan Province, Luzhou City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "19."

47.    *Beijing Abace Biotechnology Co., Ltd. v. Tang Yuanyuan*, (2022) Jing 03 Min Zhong 2440, Beijing Third Intermediate People's Court. Notably, this case involved Abace, the party involved in the litigation against Defendants here. A true and correct copy of this case is attached hereto as Exhibit "20."

### Chinese Court Authority Regarding Enforcement of Non-Compete Agreements Lacking Key Terms

48.    In Dr. Zhang's labor dispute case involving non-competition restrictions, the "Confidentiality and Non-Competition Agreement" and the "Cadre Agreement" signed between Dr. Zhang and Aaa Ltd. are key documents related to non-competition provisions. Concerning the effectiveness of non-competition agreements lacking key clauses, several Chinese cases listed below may be helpful to the court. These cases include the following:

49.    *Ningbo Fenghua District Jishi Street Dance Club v. Zhan Wei*, (2021) Zhe 02 Min Zhong 5967, Zhejiang Province, Ningbo City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "21."

13

50.    *Beijing Jindu General Aviation Co., Ltd. v. Gao Hui*, (2021) Jing 03 Min Zhong 3362, Beijing Third Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "22."

51.    *Gansu Kelin Bell New Energy Technology Co., Ltd. v. Cao Ming*, (2021) Gan 01 Min Zhong 5171, Gansu Province, Lanzhou City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "23."

52.    *Diam Display Equipment (Kunshan) Co., Ltd. v. Zhong Li*, (2021) Su 05 Civil Final Nos. 2412 and 2413, Intermediate People's Court of Suzhou City, Jiangsu Province. A true and correct copy of this case is attached hereto as Exhibit "24."

53.    *Hebei Guangmeng Cultural Communication Co., Ltd. v. Jin Xiaomeng*, (2019) Ji 04 Civil Final No. 1570, Intermediate People's Court of Handan City, Hebei Province. A true and correct copy of this case is attached hereto as Exhibit "25."

54.    *Guangzhou Yinglong Fireproof Materials Co., Ltd. Chengdu Branch v. Tian Shaomin*, (2015) Cheng Min Final No. 6644, Intermediate People's Court of Chengdu City, Sichuan Province. A true and correct copy of this case is attached hereto as Exhibit "26."

**Chinese Court Authority Regarding Effectiveness of Non-Competition As a Result of Employer's Failure to Pay Post-Employment Economic Compensation for Non-Compete**

55.    I understand that Abace did not pay Dr. Zhang post-employment non-compete compensation, and Dr. Zhang did not formally notify Abace of the termination of the non-competition agreement in writing. The following Chinese cases may be helpful to the court in such circumstances. These cases include the following:

56.    *China Construction Bank Co., Ltd. Anshan Branch v. Huang Minghui*, (2022) Liao 03 Min Zhong 1694, Liaoning Province, Anshan City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "27."

57.    *Zibo Caiyue Education and Training School Co., Ltd. v. Yao Linjun*, (2022) Lu 03 Min Zhong 567, Shandong Province, Zibo City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "28."

58.    *Dongguan Sainuo Adhesive Products Co., Ltd. v. Chen Xiaofeng*, (2021) Yue 19 Min Zhong 7262, Guangdong Province, Dongguan City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "29."

59.    Shenzhen Huaqianguo Green Agricultural Products Co., Ltd. v. Fan Jianbo, (2019) Yue 03 Min Zhong 13993, Guangdong Province, Shenzhen City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "30."

60.    *Feng Zhi v. Jinan Jinqiang Laser CNC Equipment Co., Ltd.*, (2018) Lu 01 Min Zhong 6167, Shandong Province, Jinan City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "31."

61.    *Shijiazhuang Bolang Metal Products Co., Ltd. v. Lin Haifeng*, (2014) Shi Min Liu Zhong Zi No. 00699, Hebei Province, Shijiazhuang City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "32."

### Additional Authority Demonstrating Chinese Law

62.    In addition to the above cases on the specific points outlined above, I add here additional cases to which the Court may look for authority concerning the content of Chinese law on issues pertinent to the enforceability of non-compete agreements such as that at issue in this case. These cases aim to provide insights into relevant Chinese legal provisions and judicial precedents, particularly concerning the effectiveness of non-competition restrictions. The cases include the following:

63.    *Shanghai Aiyuan Semiconductor Equipment Co., Ltd. v. Luo Laizhong*, (2023) Shanghai 0115 Civil Initial No. 15965, Pudong New Area People's Court of Shanghai. A true and correct copy of this case is attached hereto as Exhibit "33."

64.    *Shizhuoman (Beijing) Medical Device Trading Co., Ltd. v. Song Nan*, (2021) Beijing 03 Civil Final No. 14055, Beijing Third Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "34."

65.    *Sichuan Lishida Smart Lighting Technology Co., Ltd. v. Yang Bo*, (2021) Sichuan 01 Civil Final No. 5869, Sichuan Province, Chengdu City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "35."

66.    *Shenzhen Qianhai Jingwei Investment Management Co., Ltd. v. Chen Shiwei*, (2021) Guangdong 0391 Civil Initial No. 4398, Guangdong Province, Qianhai Cooperation Zone, People's Court of Shenzhen. A true and correct copy of this case is attached hereto as Exhibit "36."

67.    *Inaxi (Nantong) Exquisite Interior Materials Co., Ltd. v. Yuan Jian*, (2015) Tongzhong Civil Final No. 02658, Jiangsu Province, Nantong City Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "37."

68.    *Ma Xiaonan v. Beijing Sohu New Power Information Technology Co., Ltd.*, (2018) Jing 01 Civil Final No. 5826, Beijing First Intermediate People's Court. A true and correct copy of this case is attached hereto as Exhibit "38."

69.    *Sichuan Hai'ao Hospital Management Co., Ltd. v. Zeng Zhen*, (2021) Chuan 01 Civil Final No. 3919, Intermediate People's Court of Chengdu City, Sichuan Province. A true and correct copy of this case is attached hereto as Exhibit "39."

70.    *Changzhi Changxing Oral Hospital Co., Ltd. v. Shi Chaopolitics*, (2021) Jin Min Shen 3622, Shanxi Higher People's Court. A true and correct copy of this case is attached hereto as Exhibit "40."

71.    *Guangdong Qikang Industrial Development Co., Ltd. v. Zhou Wei*, (2022) Yue 1973 Min Chu 5336, Third People's Court of Dongguan City, Guangdong Province. A true and correct copy of this case is attached hereto as Exhibit "41."

72.    *Guizhou Xirong Legal Consulting Co., Ltd. v. Xiao Dehua*, (2021) Qian 2301 Min Chu 15331, Xingyi City People's Court, Guizhou Province. A true and correct copy of this case is attached hereto as Exhibit "42."

73.    *Franke Lubrication Technology (Taicang) Co., Ltd. v. Zhou Haijun*, (2022) Su 0585 Min Chu 4652, People's Court of Taicang City, Jiangsu Province. A true and correct copy of this case is attached hereto as Exhibit "43."

I hereby declare that the foregoing statements are true and correct.

_____

Wu Dan

17

**关于《张春红与北京安必奇生物科技有限公司竞业限制劳动争议纠纷法律意见书》的**
**声明**

1. 我，吴丹，是一名中国律师，目前在成都的泰和泰律师事务所执业，我自 2011 年以来一直在这里执业。
2. 我的律师执业证书编号是 15101201111882048。
3. 我的主要执业领域是劳动和人事，专门提供劳动和人事法律事务的法律咨询和服务，以及处理其他劳动争议的仲裁和诉讼。作为委托代理人，我处理过数百件劳动争议案件。
4. 除了在泰和泰律师事务所的工作外，我还是一名劳动争议兼职仲裁员。我是多个劳动人事争议委员会的兼职仲裁员，包括成都市劳动人事争议仲裁委员会，成都高新技术产业开发区劳动人事争议仲裁委员会，成都市武侯区劳动人事争议仲裁委员会以及成都东部新区劳动人事争议仲裁委员会。作为兼职仲裁员，我处理了大约 500 件劳动争议案件。
5. 《中华人民共和国劳动争议调解仲裁法》第 20 条规定了上述劳动人事争议仲裁委员会应该建立仲裁员名册。出现在仲裁员名册上的人员的要求。根据这些要求，作为仲裁员，应当公道正派，并满足以下条件之一：（一）曾任审判员的；（二）从事法律研究、教学工作并具有中级以上职称的；（三）具有法律知识、从事人力资源管理或者工会等专业工作满五年的；（四）律师执业满三年的。该规定的真实正确副本见附件"1"。
6. 在本声明中，我提到的法律法规和案例判决在我的经验中展示了中国法律在劳动法领域关于竞业限制约定、解雇后补偿支付、竞业限制效力等方面的部分人民法院观点。
7. 我所标明的每一项法律规定及民事判决书都作为本声明的附件呈现。
8. 总体而言，中国的人民法院在一个公共网站（名称为"中国裁判文书网"）上包含许多案件判决书，都是真实的案例，可以在 https://wenshu.court.gov.cn/上访问。
9. 这个中国裁判文书网由中华人民共和国最高人民法院享有版权（京 ICP 备 05023036 号）。《最高人民法院关于人民法院在互联网公布裁判文书的规定》第二条规定"中国裁判文书网是全国法院公布裁判文书的统一平台。各级人民法院在本院政务网站及司法公开平台设置中国裁判文书网的链接。
10. 我在此所标明的每个案件《民事判决书》都是从中国裁判文书网网站获得的，并且都是真实的法律案例。
11. 同样，我在此所标明的中国法律规定及条文都是从威科先行法律信息库（网址：https://law.wkinfo.com.cn）获得的，由威科先行法律信息库发表中文和英文版本。

**关于劳动关系竞业限制的中国部分法律和司法解释规定**

12. 《中华人民共和国劳动合同法》第二十三条规定："用人单位与劳动者可以在劳动合同中约定保守用人单位的商业秘密和与知识产权相关的保密事项。对负有保密义务的劳动者，用人单位可以在劳动合同或者保密协议中与劳动者约定竞业限制条款，并约定在解除或者终止劳动合同后，在竞业限制期限内按月给予劳动者经济补偿。劳动者违反竞业限制约定的，应当按照约定向用人单位支付违约金。"该规定的真实正确副本见附件"2"。
13. 《中华人民共和国劳动合同法》第二十四条规定："竞业限制的人员限于用人单位的高级管理人员、高级技术人员和其他负有保密义务的人员。竞业限制的范围、地域、期限由用人单位与劳动者约定，竞业限制的约定不得违反法律、法规的规定。在解除或者终止劳动合同后，前款规定的人员到与本单位生产或者经营同类产品、从事同类业务的有竞争关系的其



他用人单位，或者自己开业生产或者经营同类产品、从事同类业务的竞业限制期限，不得超过二年。"该规定的真实正确副本见附件"2"。

14. 《中华人民共和国劳动合同法》第二十六条规定："下列劳动合同无效或者部分无效：（一）以欺诈、胁迫的手段或者乘人之危，使对方在违背真实意思的情况下订立或者变更劳动合同的；（二）用人单位免除自己的法定责任、排除劳动者权利的；（三）违反法律、行政法规强制性规定的。对劳动合同的无效或者部分无效有争议的，由劳动争议仲裁机构或者人民法院确认。"该规定的真实正确副本见附件"2"。

15. 《中华人民共和国劳动法》第十八条规定："下列劳动合同无效：（一）违反法律、行政法规的劳动合同；（二）采取欺诈、威胁等手段订立的劳动合同。无效的劳动合同，从订立的时候起，就没有法律约束力。确认劳动合同部分无效的，如果不影响其余部分的效力，其余部分仍然有效。劳动合同的无效，由劳动争议仲裁委员会或者人民法院确认。"该规定的真实正确副本见附件"3"。

16. 《中华人民共和国公司法》第二百一十六条规定："本法下列用语的含义：（一）高级管理人员，是指公司的经理、副经理、财务负责人，上市公司董事会秘书和公司章程规定的其他人员。"该规定的真实正确副本见附件"4"。

17. 《中华人民共和国反不正当竞争法》第九条规定："本法所称的商业秘密，是指不为公众所知悉、具有商业价值并经权利人采取相应保密措施的技术信息、经营信息等商业信息"。该规定的真实正确副本见附件"5"。

18. 《中华人民共和国民法典》第四百九十七条规定："有下列情形之一的，该格式条款无效：（一）具有本法第一编第六章第三节和本法第五百零六条规定的无效情形；（二）提供格式条款一方不合理地免除或者减轻其责任、加重对方责任、限制对方主要权利；（三）提供格式条款一方排除对方主要权利。"该规定的真实正确副本见附件"6"。

19. 《中华人民共和国民法典》第四百九十八条规定："对格式条款的理解发生争议的，应当按照通常理解予以解释。对格式条款有两种以上解释的，应当作出不利于提供格式条款一方的解释。格式条款和非格式条款不一致的，应当采用非格式条款。"该规定的真实正确副本见附件"6"。

20. 《中华人民共和国民法典》第五百二十五条规定："当事人互负债务，没有先后履行顺序的，应当同时履行。一方在对方履行之前有权拒绝其履行请求。一方在对方履行债务不符合约定时，有权拒绝其相应的履行请求。"该规定的真实正确副本见附件"6"。

21. 《中华人民共和国民法典》第五百二十六条规定："当事人互负债务，有先后履行顺序，应当先履行债务一方未履行的，后履行一方有权拒绝其履行请求。先履行一方履行债务不符合约定的，后履行一方有权拒绝其相应的履行请求。"该规定的真实正确副本见附件"6"。

22. 《中华人民共和国合同法》第三十九条规定："采用格式条款订立合同的，提供格式条款的一方应当遵循公平原则确定当事人之间的权利和义务，并采取合理的方式提请对方注意免除或者限制其责任的条款，按照对方的要求，对该条款予以说明。格式条款是当事人为了重复使用而预先拟定，并在订立合同时未与对方协商的条款。"该规定的真实正确副本见附件"7"。

23. 《中华人民共和国合同法》第四十条规定："格式条款具有本法第五十二条和第五十三条规定情形的，或者提供格式条款一方免除其责任、加重对方责任、排除对方主要权利的，该条款无效。"该规定的真实正确副本见附件"7"。

24. 《中华人民共和国合同法》第四十一条规定："对格式条款的理解发生争议的，应当按照通常理解予以解释。对格式条款有两种以上解释的，应当作出不利于提供格式条款一方的解释。格式条款和非格式条款不一致的，应当采用非格式条款。"该规定的真实正确副本见附件"7"。



25. 《中华人民共和国合同法》第六十六条规定："当事人互负债务，没有先后履行顺序的，应当同时履行。一方在对方履行之前有权拒绝其履行要求。一方在对方履行债务不符合约定时，有权拒绝其相应的履行要求。"该规定的真实正确副本见附件"7"。

26. 《中华人民共和国合同法》第六十七条规定："当事人互负债务，有先后履行顺序，先履行一方未履行的，后履行一方有权拒绝其履行要求。先履行一方履行债务不符合约定的，后履行一方有权拒绝其相应的履行要求。"该规定的真实正确副本见附件"7"。

27. 《最高人民法院关于审理劳动争议案件适用法律若干问题的解释（四）》（法释(2013)4号）第六条规定："当事人在劳动合同或者保密协议中约定了竞业限制，但未约定解除或者终止劳动合同后给予劳动者经济补偿，劳动者履行了竞业限制义务，要求用人单位按照劳动者在劳动合同解除或者终止前十二个月平均工资的30%按月支付经济补偿的，人民法院应予支持。前款规定的月平均工资的30%低于劳动合同履行地最低工资标准的，按照劳动合同履行地最低工资标准支付。"该司法解释的真实正确副本见附件"8"。该司法解释是张博士从安必奇离职时即2017年5月1日生效的司法解释，已于2021年1月1日起失效。

28. 《最高人民法院关于审理劳动争议案件适用法律若干问题的解释（四）》（法释(2013)4号）第七条规定："当事人在劳动合同或者保密协议中约定了竞业限制和经济补偿，当事人解除劳动合同时，除另有约定外，用人单位要求劳动者履行竞业限制义务，或者劳动者履行了竞业限制义务后要求用人单位支付经济补偿的，人民法院应予支持。"该司法解释的真实正确副本见附件"8"。该司法解释是张博士从安必奇离职时即2017年5月1日生效的司法解释，已于2021年1月1日起失效。

29. 《最高人民法院关于审理劳动争议案件适用法律若干问题的解释（四）》（法释(2013)4号）第八条规定："当事人在劳动合同或者保密协议中约定了竞业限制和经济补偿，劳动合同解除或者终止后，因用人单位的原因导致三个月未支付经济补偿，劳动者请求解除竞业限制约定的，人民法院应予支持。"该司法解释的真实正确副本见附件"8"。该司法解释是张博士从安必奇离职时即2017年5月1日生效的司法解释，已于2021年1月1日起失效。

30. 《最高人民法院关于审理劳动争议案件适用法律问题的解释（一）》（法释〔2020〕26号）由最高人民法院于2020年12月29日颁布，于2021年1月1日生效，是现行有效的司法解释。该司法解释的真实正确副本见附件"9"。

31. 《最高人民法院关于审理劳动争议案件适用法律问题的解释（一）》（法释〔2020〕26号）第三十六条规定："当事人在劳动合同或者保密协议中约定了竞业限制，但未约定解除或者终止劳动合同后给予劳动者经济补偿，劳动者履行了竞业限制义务，要求用人单位按照劳动者在劳动合同解除或者终止前十二个月平均工资的30%按月支付经济补偿的，人民法院应予支持。前款规定的月平均工资的30%低于劳动合同履行地最低工资标准的，按照劳动合同履行地最低工资标准支付。"该司法解释的真实正确副本见附件"9"。

32. 《最高人民法院关于审理劳动争议案件适用法律问题的解释（一）》（法释〔2020〕26号）第三十七条规定："当事人在劳动合同或者保密协议中约定了竞业限制和经济补偿，当事人解除劳动合同时，除另有约定外，用人单位要求劳动者履行竞业限制义务，或者劳动者履行了竞业限制义务后要求用人单位支付经济补偿的，人民法院应予支持。"该司法解释的真实正确副本见附件"9"。

33. 《最高人民法院关于审理劳动争议案件适用法律问题的解释（一）》（法释〔2020〕26号）第三十八条规定："当事人在劳动合同或者保密协议中约定了竞业限制和经济补偿，劳动合同解除或者终止后，因用人单位的原因导致三个月未支付经济补偿，劳动者请求解除竞业限制约定的，人民法院应予支持。"该司法解释的真实正确副本见附件"9"。

34. 《中华人民共和国劳动争议调解仲裁法》第二十一条规定："劳动争议由劳动合同履行地或者用人单位所在地的劳动争议仲裁委员会管辖。双方当事人分别向劳动合同履行地和用人

3

单位所在地的劳动争议仲裁委员会申请仲裁的，由劳动合同履行地的劳动争议仲裁委员会管辖。"该规定的真实正确副本见附件"1"。

35. 《中华人民共和国劳动争议调解仲裁法》第二十七条规定："劳动争议申请仲裁的时效期间为一年。仲裁时效期间从当事人知道或者应当知道其权利被侵害之日起计算。"该规定的真实正确副本见附件"1"。

### 关于劳动关系竞业限制人员范围的中国法院部分判例

36. 在解释《中华人民共和国劳动合同法》第二十四规定"竞业限制的人员限于用人单位的高级管理人员、高级技术人员和其他负有保密义务的人员"方面，以下一些中国案例可能对法院有所帮助。这些案例包括以下几个。

37. 湖南铭镜新型建材有限公司诉张永兴，（2022）湘 01 民终 4486 号，湖南省长沙市中级人民法院。该案的真实正确副本见附件"10"。

38. 佛山泛德文化艺术有限公司诉向明琪，（2022）粤 06 民终 15463 号，广东省佛山市中级人民法院。该案的真实正确副本见附件"11"。

39. 胜利油田孚瑞特石油装备有限责任公司诉王志峰等，（2021）鲁 05 民终 2250 号，山东省东营市中级人民法院。该案的真实正确副本见附件"12"。

40. 合肥悦禾教育培训学校有限公司诉陈妹，（2021）皖 01 民终 3423 号，安徽省合肥市中级人民法院。该案的真实正确副本见附件"13"。

41. 中山市激光娱乐有限公司诉徐俊，（2021）粤 20 民终 3271 号，广东省中山市中级人民法院。该案的真实正确副本见附件"14"。

42. 巢湖市华阳财务公司诉张丽丽，（2021）皖 01 民终 1420 号，安徽省合肥市中级人民法院。该案的真实正确副本见附件"15"。

43. 青岛星跃铁塔有限公司诉尹义常，（2021）鲁 0281 民初 13686 号，山东省胶州市人民法院。该案的真实正确副本见附件"16"。

44. 苏州格优碳素新材料有限公司诉郁灯虎，（2016）苏 05 民终 9139、9140 号，江苏省苏州市中级人民法院。该案的真实正确副本见附件"17"。

45. 泰州汇建教育信息咨询有限公司诉刘金泉，（2021）苏 12 民终 2476 号，江苏省泰州市中级人民法院。该案的真实正确副本见附件"18"。

46. 四川恒固建设工程检测有限公司诉李灵洁等，（2022）川 05 民终 953 号，四川省泸州市中级人民法院。该案的真实正确副本见附件"19"。

47. 北京安必奇生物科技有限公司诉唐元元，（2022）京 03 民终 2440 号，北京市第三中级人民法院。值得注意的是，此案诉讼中的一方为安必奇公司。该案的真实正确副本见附件"20"。

### 关于缺乏关键条款的竞业限制协议效力的中国法院部分判例

48. 张博士的竞业限制劳动争议案中，张博士与安必奇签订的"保密和竞业禁止协议"、"干部协议"是涉及竞业限制约定的关键文件。关于缺乏关键条款的竞业限制协议的效力方面，以下一些中国案例可能对法院有所帮助。这些案例包括以下几个。

49. 宁波市奉化区吉事街舞俱乐部诉詹威，（2021）浙 02 民终 5967 号，浙江省宁波市中级人民法院。该案的真实正确副本见附件"21"。

50. 北京金都通用航空有限公司诉高慧，（2021）京 03 民终 3362 号，北京市第三中级人民法院。该案的真实正确副本见附件"22"。

4



51. 甘肃科菱贝尔新能源科技有限公司诉曹明，（2021）甘 01 民终 5171 号，甘肃省兰州市中级人民法院。该案的真实正确副本见附件"23"。

52. 迪亚姆展示设备(昆山)有限公司诉钟丽，（2021)苏 05 民终 2412、2413 号，江苏省苏州市中级人民法院。该案的真实正确副本见附件"24"。

53. 河北光孟文化传播有限公司诉靳小萌，（2019)冀 04 民终 1570 号，河北省邯郸市中级人民法院。该案的真实正确副本见附件"25"。

54. 广州盈珑防火材料有限公司成都分公司诉田绍敏，（2015)成民终字第 6644 号，四川省成都市中级人民法院。该案的真实正确副本见附件"26"。

**关于用人单位未支付经济补偿竞业限制效力的中国法院部分判例**

55. 我了解安必奇公司在与张博士解除劳动关系后，未支付过张博士竞业限制经济补偿，张博士也未书面通知安必奇公司解除竞业限制，关于此种情况下，竞业限制效力方面，以下一些中国案例可能对法院有所帮助。这些案例包括以下几个。

56. 中国建设银行股份有限公司鞍山分行诉黄明辉，（2022）辽 03 民终 1694 号，辽宁省鞍山市中级人民法院。该案的真实正确副本附件为附件"27"。

57. 淄博彩悦教育培训学校有限公司诉姚林君，（2022）鲁 03 民终 567 号，山东省淄博市中级人民法院。该案的真实正确副本附在此作为附件"28"。

58. 东莞市赛诺胶粘制品有限公司诉陈晓峰，（2021）粤 19 民终 7262 号，广东省东莞市中级人民法院。该案的真实正确副本附在此作为附件"29"。

59. 深圳花千果绿色农品有限公司诉范剑波，（2019）粤 03 民终 13993 号，广东省深圳市中级人民法院。该案的真实正确副本附在此作为附件"30"。

60. 冯冶诉济南金强激光数控设备有限公司，（2018）鲁 01 民终 6167 号，山东省济南市中级人民法院。该案的真实正确副本附在此作为附件"31"。

61. 蔺海峰诉石家庄市博琨金属制品有限公司，（2014）石民六终字第 00699 号，河北省石家庄市中级人民法院。该案的真实正确副本附在此作为附件"32"。

**其它关于竞业限制劳动争议中国法院的部分判例**

62. 除上述特定要点的案例外，我添加了张春红与北京安必奇生物科技有限公司竞业限制劳动争议纠纷可能参考的其他案例，以了解相关的中国法律规定及司法判例内容，主要涉及到竞业限制的效力等问题。这些案例包括以下几个。

63. 上海埃原半导体设备有限公司诉罗来忠，（2023）沪 0115 民初 15965 号，上海市浦东新区人民法院。该案的真实正确副本附在此作为附件"33"。

64.士卓曼（北京）医疗器械贸易有限公司诉宋楠，（2021）京 03 民终 14055 号，北京市第三中级人民法院。该案的真实正确副本附在此作为附件"34"。

65. 四川力士达智慧照明科技有限公司诉杨博，（2021）川 01 民终 5869 号，四川省成都市中级人民法院。该案的真实正确副本附在此作为附件"35"。

66. 深圳前海络纬投资管理有限公司诉陈诗彗，（2021）粤 0391 民初 4398 号，广东省深圳前海合作区人民法院。该案的真实正确副本附在此作为附件"36"。

67. 伊纳克赛（南通）精致内饰材料有限公司诉袁建，（2015）通中民终字第 02658 号，江苏省南通市中级人民法院。该案的真实正确副本附在此作为附件"37"。

68. 北京搜狐新动力信息技术有限公司诉马筱楠，（2018）京 01 民终 5826 号，北京市第一中级人民法院。该案的真实正确副本附在此作为附件"38"。

69. 四川海奥医院管理有限公司诉曾臻，（2021）川 01 民终 3919 号，四川省成都市中级人民法院。该案的真实正确副本附在此作为附件"39"。

70. 长治长兴口腔医院股份有限公司诉史朝政，（2021）晋民申 3622 号，山西省高级人民法院。该案的真实正确副本附在此作为附件"40"。

71. 广东琪康实业发展有限公司诉周威，（2022）粤 1973 民初 5336 号，广东省东莞市第三人民法院。该案的真实正确副本附在此作为附件"41"。

72. 贵州玺融法律咨询有限公司诉肖德花，（2021）黔 2301 民初 15331 号，贵州省兴义市人民法院。该案的真实正确副本附在此作为附件"42"。

73．富兰克润滑科技（太仓）有限公司诉周海军，（2022）苏 0585 民初 4652 号，江苏省太仓市人民法院。该案的真实正确副本附在此作为附件"43"。

我在此声明上述陈述均属真实无误。

声明人（签字）：

公 证 书

（2023）川国公证涉字第 9605 号

申请人：张春红，女，1986 年 3 月 19 日出生，公民身份号码：510703198603192229。

公证事项：影印本与原本相符

兹证明前面的影印本与申请人张春红出示给本公证员的《关于<张春红与北京安必奇生物科技有限公司竞业限制劳动争议纠纷法律意见书>的声明》的原本相符。前面的影印本所附的英文译本内容与中文原本内容相符。

中华人民共和国四川省成都市国力公证处

公证员  杨 敏

2023 年 11 月

LI01188770

-1-

# NOTARIAL CERTIFICATE

(Translation)

(2023) C.G.N.S. file No. 9605

Applicant: Zhang Chunhong, female, born on March 19, 1986, ID Card No.: 510703198603192229.

Issue under notarization: True and Exact Photocopy

This is to certify that the foregoing photocopy conforms to the original *DECLARATION OF WU DAN REGARDING THE LABOR DISPUTE LEGAL OPINION BETWEEN ZHANG CHUNHONG AND BEIJING ABACE BIOTECHNOLOGY CO., LTD.* showed by the applicant Zhang Chunhong to me, the notary. The attached English translation of the foregoing photocopy conforms to the original document in Chinese.

Notary: Yang Min (Signature)

Guoli Notary Public Office,

Chengdu City, Sichuan Province (Seal)

The People's Republic of China

November 17, 2023

L I 01188771

公 证 书

（2023）川国公证涉字第 9606 号

申请人：张春红，女，1986 年 3 月 19 日出生，公民身份号码：510703198603192229。

公证事项:译本与原本相符

兹证明前面（2023）川国公证涉字第 9605 号《公证书》的英文译本内容与该公证书中文原本相符。

中华人民共和国四川省成都市国力公证处

公证员 



LIO1188772

-1-

# NOTARIAL CERTIFICATE

(Translation)

(2023) C.G.N.S. file No. 9606

Applicant: Zhang Chunhong, female, born on March 19, 1986, ID Card No.: 510703198603192229.

Issue under notarization: Translation conforms to the original

This is to certify that the foregoing English translation of (2023) C.G.N.S. file No. 9605 *NOTARIAL CERTIFICATE* conforms to the original document in Chinese.

Notary: Yang Min (Signature)

Guoli Notary Public Office,

Chengdu City, Sichuan Province (Seal)

The People's Republic of China

November 17, 2023

L I 01188773