UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
------------------------------X
                              :
CREATIVE DYNAMICS, INC. and   :
BEIJING ABACE BIOLOGY CO.,    :
LTD.,                         :
                              :   Case No. 1:20-CV-11711-DPW
     Plaintiffs,              :
                              :   Judge Indira Talwani,
v.                            :   U.S.D.J.
                              :
CHUNHONG ZHANG, MTOZ          :
BIOLABS, INC., ABC CORP. 1    :   DECLARATION OF
d/b/a Ig-Clue and IgClue,     :   XIBAI GAO, ESQ.
ABC CORPS. 2-10 and JOHN      :
DOES 1-10,                    :
                              :
     Defendants.              :
                              :
------------------------------X
```

I, XIBAI GAO, ESQ., of full age, under oath and penalty of perjury, declare as follows:

1. I am an attorney with The Gao Law Firm who has been retained as an expert witness by Wilentz Goldman & Spitzer, P.A. on behalf of Plaintiffs Creative Dynamics, Inc. ("CD") and Beijing Abace Biology Co., Ltd ("Abace").

2. **First**, I respond to Defendants' argument that the non-compete is unenforceable either because the Agreements allegedly did not specify the amount of post-employment compensation or because some contained blanks for duration or geographical scope.

#14168931.2

3. Article 510 of the Civil Code of the People's Republic of China states:

> "After a contract becomes effective, if the parties have not agreed or the agreement is unclear on matters such as quality, price, remuneration, place of performance, etc., they may supplement the contract through mutual agreement. If a supplementary agreement cannot be reached, the matters shall be determined in accordance with the relevant provisions of the contract or the customary practices of the trade."

<u>See</u> Exhibit 1.

4. Article 511 of the Civil Code of the People's Republic of China states:

> "If the parties cannot determine unclear provisions of the contract in accordance with the preceding article, the following provisions shall apply:
>
> …
>
> (2) If the price or compensation is unclear, performance shall be in accordance with the market price at the place of performance when the contract is concluded; if government pricing or government-guided prices are required by law, performance shall be in accordance with the regulations.
>
> …
>
> (4) If the time for performance is unclear, the debtor may perform at any time, and the creditor may also request performance at any time, but the necessary preparation time shall be given to the other party.
>
> (5) If the method of performance is unclear, performance shall be in a manner that is conducive to achieving the purpose of the contract.
>
> (6) If the burden of performance expenses is unclear, it shall be borne by the party performing the obligation; any additional performance expenses incurred due to the creditor's reasons shall be borne by the creditor."

See Exhibit 1.

5. Specifically, the Supreme Court of China provides official judicial interpretation on how to calculate the post-employment compensation if the non-compete agreement misses such a clause. Article 36 of "The Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in Labor Dispute Cases (I)" ("The Supreme Court Interpretation I") provides, "When the parties have agreed upon non-competition restrictions in the labor contract or confidentiality agreement, but have not agreed to provide economic compensation to the worker after the termination or expiration of the labor contract, and the worker has fulfilled the non-competition obligations, and requests the employer to pay economic compensation on a monthly basis at 30% of the worker's average monthly wage in the twelve months before the termination or expiration of the labor contract, the People's Court shall support this request. If the 30% of the average monthly wage specified in the preceding paragraph is lower than the minimum wage standard at the place where the labor contract is performed, payment shall be made according to the minimum wage standard at the place where the labor contract is performed". See Exhibit 2. See also Exhibit 3 for the Opinions of the Shanghai High People's Court on Several Issues Regarding

the Application of the Labor Contract Law, which is consistent with the Supreme Court of China's interpretation.

6. While the contents are exactly same, the above provision of Article 36 of The Supreme Court Interpretation I was previously cited as Article 6 of "The Interpretation of the Supreme People's Court on Several Issues Concerning the Application of Law in Labor Dispute Cases (IV)," the latter of which was integrated into the current the Supreme Court Interpretation I. See Exhibit 4.

7. While China's Supreme Court's interpretations are binding upon all lower courts, courts in Beijing made similar interpretation. "The Minutes of the Seminar on the Legal Application Issues in Labor Dispute Cases organized by the Beijing Higher People's Court and Beijing Labor Dispute Arbitration Committee (Part One)" is a recognized authority that at a minimum governs courts in Beijing, the Beijing Higher People's Court and Beijing Labor Dispute Arbitration Committee held a seminar on legal application issues in labor dispute cases, and the minutes were made available for reference in judicial practice. See Exhibit 5.

8. Article 38 of the Minutes provides that "If an employer and an employee have agreed on a non-compete clause in the labor contract or confidentiality agreement, but have not agreed on the payment or specific payment standards for compensation, this

should not be considered as rendering the non-compete clause invalid. Both parties can remedy this through negotiation during the existence of the employment relationship or upon the termination of the labor contract. If no agreement is reached through negotiation and compensation is not specified, compensation can be determined as 20% - 60% of the employee's salary in the last year before the termination of the labor relationship. If the employer explicitly states that they will not pay compensation, the non-compete clause will not be binding on the employee." "If the employee and the employer have not agreed on the duration of the non-compete clause, it should be determined through negotiation between both parties. If they cannot reach an agreement through negotiation, the maximum duration of the restriction should not exceed two years".

9. These Chinese judicial interpretations are consistent with Article 24 of the Chinese Labor Contract Law, which provides that "The scope, geographical region and duration of non-competition restrictive covenant shall be agreed between the employer and the worker; non-competition restrictive covenant shall not violate the provisions of laws and regulations." [See Doc. 127-2 at pg. 11]

10. I also rely upon *Yu Kai v. Juneng Industrial Co. Ltd.*, a final judgment issued by Beijing No. 1 Intermediate People's Court on December 15, 2008. In *Yu Kai*, Yu Kai engaged in

business in the United States in competition with Juneng Industrial Co. Ltd. ("Juneng"), Yu Kai's former employer in China. In the judgment, the court held that Yu Kai violated the non-compete agreement between Yu Kai and Juneng, even though the agreement did not provide the geographic area scope because "The contract did not specify a geographical scope and should be considered as worldwide." See Exhibit 6 at pg. 2.

11.  **Second**, I disagree with Defendants' argument that it is the "minority" view that a failure to pay compensation voids the non-compete. Regardless, Chinese law as applied by the courts in Beijing govern this dispute.

12.  Under the Agreements, if this dispute were adjudicated in China, it would be brought in Beijing. A party may choose to take a contract dispute to either negotiation, arbitration or a court where the employer is located, none of which nevertheless is mandatory. For example, Section 5 of the Non-Compete Agreement provides that "The agreement shall be governed as to all matters by and under the laws of the People's Republic of China. Any dispute arising from performance of this Agreement shall be first settled via amicable negotiation. If negotiation fails, the case can be brought to the people's court with jurisdiction right in the place of Party A." "Party A" refers to the employer under the title (Page 1) and Section 1 (Page 2) of

the Non-Compete Agreement. Per the title of the Non-Compete Agreement, the employer (Party A)'s location is in Beijing.

13. It is my understanding that a court in Beijing, China did accept Plaintiff's complaint against the Defendant but Plaintiff later voluntarily withdrew it.

14. I recited authority in my earlier Declaration concerning this issue and why a failure to pay post-employment compensation does not automatically void an agreement. In addition, I also direct this Court to *Li Meng v. Beijing City Haidian District New Giant Training School*, a final judgment issued by Beijing City No. 1 Intermediate People's Court on December 15, 2008. In this case, the Court held that Li Meng breached the IP Protection and Non-Compete Agreement, even though the former employer did not pay the non-compete compensation under the agreement because "the actual fulfillment of the competition restriction compensation does not affect the validity of the competition restriction clauses." See Exhibit 7 at pg. 10. I also direct the Court to *Beijing Zhongke Dayang Technology Development Co., Ltd. v. Chen and Others*, another decision of a Beijing court, in which the court awarded an employer damages for its former employee's failure to comply with a non-compete even though no compensation was paid. See Exhibit 8 at pg. 6 and 8-9.

15. **Third**, I respond to Defendants' argument that this dispute must be adjudicated in China. Article 26 of the Labor Contract Law Defendants cited states:

> "Article 26 The following labor contracts are invalid or partially invalid:
>
> (1) Using fraud, coercion or taking advantage of others' danger to make the other party to enter into or change a labor contract against its true intention;
>
> (2) The employer exempting itself from legal responsibilities and excludes workers' rights;
>
> (3) Violation of mandatory provisions of laws and administrative regulations.
>
> If there is a dispute over the invalidity or partial invalidity of a labor contract, it shall be determined by a labor dispute arbitration institution or a people's court." [See Doc. at pg. 127-2]

16. Article 26 of the Labor Contract Law ("Article 26") clarifies these three issues can be decided by either an arbitrator or a court. In the Chinese language and as translated, the terms "labor dispute arbitration institution" and "people's court" do not necessarily refer to a Chinese forum. If it was intended that these issues should be adjudicated exclusively in China, the article would provide "… determined by a **Chinese** labor dispute arbitration institution or a people's court **in China**." The Civil Procedure Law of People's Republic of China, which governs the civil jurisdiction issues, does not provide Chinese courts or Chinese arbitration

institutes with exclusive jurisdiction over labor disputes and non-compete agreements in China.

17. Moreover, Article 26 does not apply to any other type issues involving labor contracts other than the three enumerated items. There is no authority of which I am aware that addresses a former employee's failure to adhere to a non-competition agreement.

## DECLARATION

I hereby declare under penalty of perjury that the foregoing statements are true and correct pursuant to 28 U.S.C. §1746.

*[signature]*
_____
XIBAI GAO, ESQ.

DATED: December 11, 2023